Jesse Harris, Appellee, v. Pulverized Manure Company, Appellant.

Heard in this court at the February term, 1930. Opinion filed May 28, 1930. Rehearing denied June 23, 1930.

H. Grady Vien and Winston, Strawn & Shaw, for appellant; J. Sidney Condit and Harold A. Smith, of counsel.

Pope & Driemeyer, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

In May, 1926, the plaintiff and defendant entered into a written contract, as follows:

"This agreement, made and entered into this 11th day of May, 1926, by and between The Pulverized Manure Company, incorporated under the laws of the State of Maine, having its principal office at Chicago, Illinois, hereinafter called the party of the first part, and J. Harris of 121 Baugh Avenue, East St. Louis, Illinois, hereinafter called the party of the second part.

"Whereas, the party of the first part has throughout each year certain supplies of manure to be removed from barns and loaded into cars and the party of the second part desires to remove this manure from these barns and load it into cars for the party of the first part,

"Now, therefore, this agreement witnesseth:

"First, that for and in consideration of the sum of One Dollar ($1), paid each to the other and receipt of which is hereby acknowledged, the party of the first part agrees to employ the party of the second part to remove this manure from barns in which it may be located and load it into cars, from the date first above written to and including September 30, 1929.

"Second, that the party of the second part agrees to remove this manure from barns and load it into cars at any time that the party of the first part shall desire this to be done.

"Third, that the party of the first part agrees to pay the party of the second part the following prices for removing this manure from barns and loading it into cars:

(Omitting the rate per ton or carload to be paid.)

"Fourth, that in case the party of the second part acquires manure from anyone for services rendered,

such as furnishing sawdust, etc., the party of the first part agrees to pay the party of the second part Twenty-two Dollars and Fifty Cents ($22.50) per car for such manure.

"Fifth, that the party of the second part agrees to load all cars in a manner satisfactory to the party of the first part.

"Sixth, that the party of the second part agrees that in consideration of being given the contract for doing the work above referred to for the prices stated, the party of the second part will assign all contracts covering supplies of manure which the party of the second part now holds, and will assign any contracts hereafter obtained, during the term of this contract, to the party of the first part.

"Seventh, that the party of the second part agrees not to load manure for anyone except the party of the first part and the St. Louis National Stock Yards during the term of this agreement.

"This agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the parties hereto.

"IN WITNESS WHEREOF the parties hereto have caused this instrument to be duly executed in triplicate the day and year first above written.

THE PULVERIZED MANURE COMPANY,

BY D. L. HARRIS,

President."

Under this contract, the defendant purchased large quantities of manure in the yards and barns at the stockyards in East St. Louis, Illinois, before it was loaded into the cars, and hired the plaintiff to remove and load it in freight cars. The defendant had the plaintiff load and haul all of the manure so purchased. Up to the time of the trial, the defendant had paid the plaintiff for such services approximately $27,500.

The dispute arose over the interpretation of the contract. The plaintiff started suit against the defendant

in the city court of East St. Louis, Illinois, charging the defendant with violation of the contract, alleging that the defendant neglected and refused to perform its part of the contract; that in violation of its agreement the defendant arranged with other persons to procure and load said manure in the cars, which should have been procured and loaded by the plaintiff, thus making it impossible for the plaintiff to carry out his contract, and thereby wrongfully depriving the plaintiff of large profits. A bill of particulars was filed, which states that the claim of the plaintiff was for loss of profits on cars of stable manure loaded from barns by others than the plaintiff, which should have been hauled and loaded by the plaintiff.

A trial by jury was had, and at the close of the plaintiff's evidence, the defendant asked the court to instruct the jury to direct the verdict in its favor. The court refused to give such instruction, and the defendant offered evidence in the case. The jury found the issues in favor of the plaintiff, and assessed his damages at $2,000, and judgment was entered against the defendant for this amount.

It is the contention of the plaintiff below that by the terms of the written contract, the plaintiff had the exclusive right to load all manure purchased by the defendant, and that the purchasing by the defendant of manure in carload lots was a violation of the contract. It is the contention of the defendant that the contract provides for the plaintiff alone to load such manure as was purchased by them lying in the barns or sheds, and did not apply to any manure that they might purchase which had already been loaded on the cars and ready for shipment, since they had nothing to do with the loading of the manure in the cars, but bought it f. o. b. tracks at the Stock Yards in East St. Louis. We are of the opinion that this contract did not give plaintiff the exclusive right to load all the manure which was purchased by the defendant com-

pany, and that it was not a violation or breach of the contract for the defendant to purchase manure which had been loaded in cars by some one else aside from the plaintiff. The legal effect of the language used in any agreement should be decided by the court, and not be submitted to the jury.

We are of the opinion that the evidence in this case does not show a breach of the contract by the defendant, and that the plaintiff was not entitled to damages therefor. The trial court should have given the instruction at the close of the plaintiff's evidence for a directed verdict in favor of the defendant. There are other errors urged by the appellant to reverse this judgment. We do not deem it necessary to discuss these assignments, as in our opinion, the proper legal construction of the contract bars the plaintiff from any right of action.

The judgment of the city court of East St. Louis is hereby reversed.

*Reversed.*